# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| QVC, INC. | : |
| Studio Park | : |
| 1200 Wilson Drive | : CIVIL ACTION |
| West Chester, Pennsylvania 19380 | : |
| Plaintiff, | : NO. 06-cv-4231 |
| v. | : |
| STACEY SCHIEFFELIN | : |
| 567 S. Leonard Street, #1 | : |
| Waterbury, Connecticut 06708 | : |
| and | : |
| DAVID SCHIEFFELIN | : |
| 567 S. Leonard Street, #1 | : |
| Waterbury, Connecticut 06708 | : |
| and | : |
| MODELS PREFER, LTD. | : |
| 567 S. Leonard Street, #1 | : |
| Waterbury, Connecticut 06708 | : |
| Defendants. | : |

_____:

## AMENDED COMPLAINT-CIVIL ACTION

Plaintiff, QVC, Inc., by and through its undersigned counsel, hereby complain of defendants, Stacey Schieffelin and David Schieffelin, jointly and severally, and defendant, Models Prefer Ltd., as follows:

### PARTIES

1.      Plaintiff, QVC, Inc. ("Plaintiff"), is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at Studio Park, 1200 Wilson Drive, West Chester, Pennsylvania 19380.

2.      Defendant, Stacey Schieffelin, is an adult individual residing and domiciled in the State of Connecticut with business offices located at 567 S. Leonard Street, #1, Waterbury, Connecticut 06708.

3.      Defendant, David Schieffelin, is an adult individual residing and domiciled in the State of Connecticut with business offices located at 567 S. Leonard Street, #1, Waterbury, Connecticut 06708.

4.      Defendant, Models Prefer, Ltd., is a corporation organized and existing under the laws of the State of Connecticut with its principal place of business located at 567 S. Leonard Street, #1, Waterbury, Connecticut 06708.  (The defendants Stacey Schieffelin and David Schieffelin, jointly and severally, and the defendant Models Prefer, Ltd. hereinafter are referred to collectively as "Defendants," unless stated otherwise).

5.      At all times material hereto, Defendants acted by and through their agents, employees, servants and representatives, actual or apparent, any and all of who were acting, or purporting to act, within the course and scope of their authority, agency duties and/or employment.

## VENUE AND JURISDICTION

6.      This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) in that the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States.

7.      Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391(a) in that a substantial part of the events or omissions giving rise to Plaintiff's claims and request for declaratory and injunctive relief occurred in this judicial district and/or in that the parties contractually agreed to the selection of this judicial district as the appropriate venue for the within civil action.

## SUBSTANTIVE ALLEGATIONS

8. Plaintiff is a general merchandise electronic retailer that markets and distributes a wide variety of products directly to consumers through, among other things, its merchandise-focused, direct response television programming.

9. Defendants are in the business of promoting, marketing, distributing and selling health and beauty products under the trademark and trade name of "Models Prefer" (collectively, the "Products").

10. The defendants Stacey Schieffelin and David Schieffelin, jointly and severally, and Plaintiff entered into a certain agreement (the "Agreement"), dated as of April 1, 1998, pursuant to Section 1(a) of which Defendants granted Plaintiff

> the exclusive worldwide right to Promote [defined by the Agreement to be promote, advertise, market, sell and distribute] the Products [defined by the Agreement to be all health and beauty products under the trademark and trade name of "Models Prefer"] through all means and media, including, without limitation, Electronic Media (which, for purposes of this Agreement, shall mean all electronic transmissions, whether now in existence or developed hereafter, through which a consumer is requested to purchase any product by mail, telephone or other electronic means, including without limitation, televised electronic retailing programs, infomercials, direct response commercial spots and computerized shopping services, whether on-line services or otherwise).

11. The defendant Models Prefer Ltd. was incorporated on or about September 17, 2002 and, commencing on a date thereafter, Defendants' business transactions with Plaintiff were conducted, in whole or in part, by and through the corporate defendant Models Prefer Ltd.

12. The Agreement provides that Plaintiff, from time to time, may issue to Defendants consignment orders for Products, substantially in the form appended as Exhibit 1 to the Agreement. Each such consignment order is incorporated by reference into the agreement, except that, in the

event of any inconsistency between the terms of each such consignment order and the terms of the Agreement, the Agreement shall govern. From a date commencing on or after September 17, 2002, such consignment orders were issued to Defendants by and through "Models Prefer, Ltd."

13.   Provided that, in accordance with the requirement set forth in Section 2(b) of the Agreement, a Product appeared on the direct response television programming produced by Plaintiff or one of its affiliates (the "Programs") no later than December 31, 1998, which condition Plaintiff satisfied, Paragraph 2(a) of the Agreement, in relevant part, provides that the term of the Agreement shall be as follows:

> 2. Term
>
> (a) Generally. Subject to Section 2(b) hereof, the initial term of this Agreement (the 'Initial Term') shall commence on the date hereof and shall expire after the date of this Agreement. Upon the expiration of the Initial Term, this Agreement shall automatically and continually renew for successive additional one (1) year terms (each a 'Renewal Term' and the Initial Term and each Renewal Term each being referred to herein as a 'Term') unless (i) [Defendants] notif[y] QVC in writing, at least thirty (30) days prior to the end of a Term, of its intent to terminate the Agreement, and (ii) during such Term, Net Retail Sales of such Products are in the aggregate less than the Minimum Amount [for such Term] . . . For purposes of this Agreement, 'Net Retail Sales' shall mean the gross sales price paid by customers of [Plaintiff] or its affiliates for Products, exclusive of any (i) sales, use, excise or value-added taxes, (ii) credits, returns, discounts, settlements or other allowances, (iii) customs duties, tariffs or similar import impositions due from [Plaintiff] or its affiliates, (iv) shipping and handling charges and (v) all fees due from [Plaintiff] or its affiliates for licenses, registrations and approvals necessary for the importation and promotion of the Products.

14.   Provided that the Net Retail Sales are equal to, or exceeds, the Minimum Amount for each Renewal Term, the Agreement is automatically renewed for an additional Renewal Term at an increased Minimum Amount. The Agreement will continue to so automatically renew for additional Renewal Terms unless terminated by Plaintiff or Defendants pursuant to the express procedures, and under the terms and conditions, set forth in Section 2(a) of the Agreement.

15. Pursuant to Section 2(a) of the Agreement, neither Plaintiff nor Defendants may terminate the Agreement except upon no less than thirty (30) days prior to the expiration of the end of a Renewal Term and then only where the Net Retail Sales are less than the applicable Minimum Amount for such Renewal Term.

16. Section 3 of the Agreement provides as follows with respect to the obligations of defendant, Stacey Schieffelin, to appear on the Programs during the Term of the Agreement to assist Plaintiff in the Promotion of the Products:

> 3. Appearances. If requested by [Plaintiff] and subject to her reasonable availability, Stacey Schieffelin shall make Appearances on Programs. For purposes of this Agreement, an 'Appearance shall mean the personal appearance by Stacey Schieffelin during a one - (1) to three – (3) day period on Programs in which Products may be offered for sale. Unless otherwise determined by [Plaintiff], all Appearances shall take place at [Plaintiff's] studios in West Chester, Pennsylvania. [Plaintiff] makes no representations or warranties with respect to the number of Appearances, if any, that it may request Mrs. Schieffelin to make. [Defendants] [acknowledge] that each Appearance will be on live, unscripted television and as consequence thereof, [Defendants] shall have no prior right of approval over the content of Mrs. Schieffelin's Appearances. At [Plaintiff's] request and subject to her reasonable availability, Mrs. Schieffelin shall attend rehearsals and production meetings in connection with the Appearances. The dates, time and location of such rehearsals and meetings shall be on the dates on which Mrs. Schieffelin makes an Appearance or on other dates mutually agreed to between [Defendants] and [Plaintiff].

17. Section 4 of the Agreement provides, in relevant part, that "[Defendants] shall not promote or endorse any consumer goods (including, without limitation, the Products) by means of Electronic Media during any Term and for one (1) year after the expiration or termination of this Agreement."

18. Section 4 of the Agreement further provides that Defendants' non-competition obligations survive termination of the Agreement.

19. The defendants Stacey Schieffelin and David Schieffelin, jointly and severally, and Plaintiff entered into an Amendment to Agreement, dated as of April 24, 1999 (the "Amendment") pursuant to which Defendants agreed to provide, at their sole expense, as and when requested by Plaintiff, training for Plaintiff's telemarketing personnel with respect to the Products and photography for Product packaging and promotional materials. (The Agreement and the Amendment hereinafter are referred to collectively as the "Agreement").

20. Plaintiff met the required Net Retail Sales amount for the Initial Term and, therefore, the Agreement renewed on April 1, 2000 for a Renewal Term expiring on April 1, 2001.

21. Plaintiff thereafter has met the required Net Retail Sales amount to renew the Agreement for each and every Renewal Term up through and including the current Renewal Term that will expire on April 1, 2007.

22. As Plaintiff has met the requisite Net Retail Sales for the Renewal Term that will end on April 1, 2007, the Agreement will renew on April 1, 2007 for an additional Renewal Term to expire on April 1, 2008. Consequently, the Agreement, by its terms, cannot be terminated by Defendants any earlier then as of April 1, 2008 and then only if the Net Retail Sales for the Renewal Term that will expire on April 1, 2008 is less than the applicable Minimum Amount for such Renewal Term.

23. On September 12, 2006, Defendants sent a purported notice of termination of the Agreement to Plaintiff. Defendants have taken the position that the Agreement is terminated as of September 12, 2006 and have refused to further perform under the Agreement. In addition, Defendants have stated their intention to promote and endorse the Products by means of Electronic Media in violation of the non-competition provisions of the Agreement.

24. By their continuing conduct, including, but not limited to, the refusal of defendant Stacey Schieffelin to make any Appearances on Plaintiff's Programs and Defendants' refusal to honor Plaintiff's exclusive rights, Defendants will thwart Plaintiff's ability to meet the requisite Net Retail Sales amount for the Renewal Term expiring on April 1, 2008.

25. Defendants' purported termination of the Agreement is invalid. Defendants' purported notice of termination does not, and cannot, terminate the Agreement in accordance with the terms and conditions thereof. To the contrary, the Agreement, including, without limitation, Defendants' non-competition obligations thereunder, remains in full force and effect.

26. Defendants' conduct violates Plaintiff's exclusive rights to Promote the Products as granted to Plaintiff by the Agreement.

27. Any promotion and endorsement of the Products by Defendants by means of Electronic Media during the Term of the Agreement and for one (1) year, other than by and through Plaintiff or its affiliates, constitutes a violation of the non-competition provisions of the Agreement.

28. Plaintiff has satisfied all of its obligations under the Agreement.

## COUNT I

29. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 28 inclusive as if set forth fully at length herein.

30. Defendants' purported notice of termination of the Agreement, rejected by Plaintiff as improper, gives rise to an actual, existing and continuing controversy between the parties within the scope and meaning of 28 U.S.C. § 2201, *et seq*.

31. The aforesaid case or controversy is a substantial controversy between adverse legal interests of sufficient immediacy and reality to warrant issuance of a declaratory judgment.

32. The value of the Agreement for the current Renewal Term and the Renewal Term expiring on April 1, 2008 each exceeds the sum of $150,000.00, exclusive of interests and costs.

33. Plaintiff's interest in the above-described controversy is direct, substantial and present.

34. Plaintiff is entitled under 28 U.S.C. § 2201, *et seq.* to a judicial determination, declaration and adjudication (a) that Defendants' purported notice of termination does not, and cannot, terminate the Agreement in accordance with the terms and conditions thereof and that, to the contrary, the Agreement, including, without limitation, Defendants' non-competition obligations thereunder, remains in full force and effect; and (b) that, as a result of Defendants' conduct intended to thwart Plaintiff's ability to perform under the Agreement, the Agreement shall be deemed renewed for an additional Renewal Term ending on April 1, 2009 absent a resolution of the within matter no later than April 1, 2008, the commencement date for the next Renewal Term.

35. Declaratory judgment to determine the parties' respective rights and interests is an appropriate remedy under the circumstances.

WHEREFORE, plaintiff, QVC, Inc., demands entry of a declaratory judgment in its favor and against defendants, Stacey Schieffelin and David Schieffelin, jointly and severally, and defendant, Models Prefer Ltd., (a) determining and declaring that the defendants' purported notice of termination did not terminate the Agreement; (b) determining and declaring that the Agreement, including, without limitation, the defendants' non-competition obligations thereunder, remains in full force and effect; (c) determining and declaring that, as a result of Defendants' continuing conduct intended to thwart Plaintiff's ability to perform under the Agreement, the Agreement shall be deemed renewed for an additional Renewal Term ending on April 1, 2009 absent a resolution of the within matter no later than April 1, 2008, the commencement date for the next Renewal Term; (d) awarding costs; and

(e) granting such other and further relief as the Court deems just and proper.

## COUNT II

36.  Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 28 inclusive as if set forth fully at length herein.

37.  Defendants' conduct, as described above, violates the exclusive rights and license granted to Plaintiff pursuant to Section 1(a) of the Agreement.

38.  By virtue of the foregoing, Plaintiff has demonstrated a likelihood of success on the merits and that a balancing of the equities favors the issuance of an injunction against Defendants.

39.  Unless Defendants are enjoined from breaching Plaintiff's exclusive rights and license, Plaintiff will be irreparably harmed by:

 (a) Loss of confidence and trust of clients, loss of goodwill, and loss of business reputation;

 (b) A threat to the enforcement of reasonable contracts; and

 (c) Present economic loss, which is unascertainable at this time, and future economic loss, which is presently incalculable.

40.  Plaintiff has no adequate remedy at law.

WHEREFORE, plaintiff, QVC, Inc., demands that this Court enter judgment in its favor and against defendants, Stacey Schieffelin and David Schieffelin, jointly and severally, and defendant, Models Prefer Ltd., (a) permanently enjoining the defendants from promoting, marketing, selling, or distributing (or otherwise causing a third party to promote, market, sell, or distribute) any Products to any party other than QVC or any of its affiliates during the Term of the Agreement and for a period of one (1) year following the valid expiration or termination of the Agreement in accordance with its terms; (b) permanently enjoining the defendants from granting any license or rights to any

third party that infringes upon the exclusive rights and license granted to the plaintiff under the Agreement; (c) permanently enjoining and compelling the defendants to deliver and sell Products by consignment exclusively to Plaintiff during the Term of the Agreement in accordance with the terms and conditions of the Agreement; (d) permanently enjoining the defendants from seeking to terminate the Agreement effective on any date prior than April 1, 2008 and then only in accordance with, and subject to, the terms and conditions of the Agreement; and (d) granting such other and further relief as the Court deems just and equitable.

## COUNT III

41. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 28 inclusive as if set forth fully at length herein.

42. Defendants' threatened conduct, as described above, constitutes a violation of the non-competition provisions of the Agreement.

43. By virtue of the foregoing, Plaintiff has demonstrated a likelihood of success on the merits and that a balancing of the equities favors the issuance of an injunction against Defendants.

44. Unless Defendants are enjoined from breaching their non-competition obligations due and owing to Plaintiff, Plaintiff will be irreparably harmed by:

    (a)    Loss of confidence and trust of clients, loss of goodwill, and loss of business reputation;

    (b)    A threat to the enforcement of reasonable contracts; and

    (c)    Present economic loss, which is unascertainable at this time, and future economic loss, which is presently incalculable.

45. Plaintiff has no adequate remedy at law.

WHEREFORE, plaintiff, QVC, Inc., demands that this Court enter judgment in its favor and against defendants, Stacey Schieffelin and David Schieffelin, jointly and severally, and defendant, Models Prefer Ltd., (a) permanently enjoining the defendants from promoting or endorsing any consumer goods (including, without limitation, the Products) by means of Electronic Media, as defined in the Agreement, during any Term of the Agreement and for one (1) year after the valid expiration or termination of the Agreement in accordance with its terms; and (b) granting such other and further relief as the Court deems just and equitable.

## COUNT IV

46.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 28 inclusive as if set forth fully at length herein.

47.   Defendants' purported termination of the Agreement and other actions and omissions of Defendants, all as described above, constitute breaches of their obligations under the Agreement.

48.   Defendants' conduct, as described above, has resulted, and will result, in lost sales and profit to Plaintiff.

49.   Plaintiff, at this time, has an inventory of the Products with an aggregate retail value of no less than $1,096,432.25.

50.   The anticipated profits from the sale of the aforesaid inventory is no less than $150,000.00.

51.   Plaintiff's damages are not yet fully determined, but, in any event, are in an amount of no less than $150,000.00, exclusive of interest and costs, as direct result of Defendants' purported termination of the Agreement and other actions and omissions of Defendants, all as described above.

52. Plaintiff is entitled to recover damages in an amount as yet not fully determined amount, but, in any event, in an the amount of no less than $150,000.00, plus interest and costs, as direct result of Defendants' breach of the terms and conditions of the Agreement.

WHEREFORE, plaintiff, QVC, Inc., demands judgment in its favor and against defendants, Stacey Schieffelin and David Schieffelin, jointly and severally, and defendant, Models Prefer Ltd., (a) in the amount of no less than $150,000.00, together with pre-judgment interest and such costs as allowed by law; and (b) granting such other relief as the Court may deem appropriate and proper.

### COUNT V

53. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 28 inclusive as if set forth fully at length herein.

54. Defendants' conduct, as described above, violates the exclusivity and non-competition provisions of the Agreement.

55. Plaintiff is entitled to an accounting of any and all proceeds, earnings and profits earned by Defendants in breach of the Agreement.

56. Plaintiff is entitled to have the aforesaid proceeds, earnings and profits disgorged and remitted to Plaintiff.

57. Defendants, for the reasons described above, are each a constructive trustee for the benefit of Plaintiff of all such proceeds, earnings and profits, with all attendant fiduciary responsibilities and obligations thereof.

WHEREFORE, plaintiff, QVC, Inc., demands judgment in its favor and against defendants, Stacey Schieffelin and David Schieffelin, jointly and severally, and defendant, Models Prefer Ltd., (a) directing the defendants to account for any and all proceeds, earnings and profits derived from any

and all promotion, marketing, sale, or distribution (whether directly or through any third party) of any and all Products in breach of the obligations owing to the plaintiff under the Agreement; (b) directing that the defendants are each a constructive trustee for the benefit of the plaintiff of any and all such proceeds, earnings and profits, with all attendant fiduciary responsibilities and obligations thereof; (c) directing the defendants to disgorge any and all such proceeds, earnings and profits and directing that such proceeds, earnings and profits to remitted to the plaintiff; and (d) granting such other and further relief as the Court deems just and equitable.

SAUL EWING LLP
A Delaware Limited Partnership

By: */s/ Nathaniel Metz*
_____
Nathaniel Metz, Esquire
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
(215) 972-8385
(215) 972-2282 (Telefacsimile)
nmetz@saul.com

Dated: November 2, 2006        Attorneys for Plaintiff QVC, Inc.