# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
:
QVC, INC. : CIVIL ACTION
:
          Plaintiff, :
:
          v. : NO. 06-cv-4231(TON)
:
STACEY SCHIEFFELIN, :
DAVID SCHIEFFELIN, :
and MODELS PREFER, LTD., :
:
          Defendants. :
_____:

### SUR-REPLY MEMORANDUM OF PLAINTIFF QVC, INC. IN FURTHER OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT AND TO STRIKE <u>PARAGRAPHS OF THE AMENDED COMPLAINT</u>

Plaintiff, QVC, Inc. ("Plaintiff"), by and through its undersigned counsel, respectfully submits this sur-reply memorandum in further opposition to the **Motion to Dismiss Amended Complaint and to Strike Paragraphs of the Amended Complaint for Violation Of FRE 408** (the "Motion to Dismiss"), as filed by defendants, Stacey Schieffelin, David Schieffelin and Models Prefer, Ltd. (collectively, "Defendants," unless stated otherwise). While Plaintiff regrets burdening the Court with additional filings in this matter, Plaintiff believes that it is important to bring recent events to the Court's attention which events, in turn, further demonstrate the disingenuous nature of the positions espoused in Defendants' Motion to Dismiss.

    Plaintiff commenced its civil action in this Court seeking, in relevant part, declaratory and injunctive relief regarding the validity and enforceability of a certain exclusive license and marketing agreement (the "Agreement") and the extent of Plaintiff's rights thereunder. Plaintiff did so in light of the notice of termination received by Plaintiff in contravention of the terms of

the Agreement.

The crux of Defendants' Motion to Dismiss filed in response to the Plaintiff's request for judicial review and relief by this Court is that there purportedly is no "case or controversy" regarding the validity or enforceability of the Agreement and that declaratory relief regarding the parties' respective rights under the Agreement allegedly would not be of any practical benefit to the parties. For these reasons, Defendants asserted, the civil action brought by Plaintiff in this Court in order to protect its rights and interests should be dismissed.

Notwithstanding Defendants' vociferous protestations that there are no issues regarding the validity and enforceability of the Agreement, or any need for judicial intervention by this Court, Defendants, on March 21, 2007, commenced a civil action against Plaintiff in the United States District Court for the District of Connecticut (the "Connecticut District Court") maintaining that Plaintiff has no rights to the license and exclusive marketing rights granted to it by the Agreement. (A true and correct copy of the docket entries for *Stacey Schieffelin, et al. v. QVC, Inc.*, U.S.D.C., D.Conn, C.A. No. 07-00445 and Defendants' complaint filed in the such action are attached hereto as Exhibits "A" and "B,"). Defendants' complaint not only raises the same issues as Plaintiff presented to this Court in its complaint, but, in addition, constitute compulsory counterclaims that should have been presented to this Court. *See* Fed.R.Civ.P. 13(a). Rather than assert such claims as counterclaims in the action before this Court or file a new action in this Court (assuming *arguendo* any alleged time constraints to assert Defendants' claims) and request consolidation with Plaintiff's pending action, Defendants commenced a new action in the Connecticut District Court while seeking dismissal of Plaintiff's action in this Court involving the very same issues. Defendants' actions belie their arguments and render transparent their real strategy which is to litigate the issues between the parties in a forum of Defendants'

own choosing and not before this Court[1]. Stated otherwise, Defendants apparently believe that there, in fact, is a case of controversy arising from the questions of the validity and enforceability of the Agreement so long as they do not have to litigate such issues before this Court.

The civil action commenced by Defendants, however, amply demonstrates the existence of a case or controversy before this Court regarding the parties' rights under the Agreement and the propriety of Plaintiff's request for declaratory relief regarding the validity and enforceability of the Agreement. Plaintiff came before this Court requesting judicial protection of its property rights. Defendants apparently do not wish to have those rights determined by this Court. Defendants' Motion to Dismiss, when viewed against the actions taken by Defendants, is no more than an attempt to manipulate the judicial system. Plaintiff submits that to grant Defendants' Motion to Dismiss would be to reward their blatant exercise of "forum shopping."

---

[1] Defendants' conduct in commencing their action in the Connecticut District Court, and not in this Court, also violates the forum selection clause contained in Section 5(f) of the Agreement.

For the foregoing reasons, plaintiff, as well as the reasons set forth in the **Memorandum Of Law Plaintiff QVC, Inc. In Opposition to Defendants' Motion To Dismiss The Amended Complaint And To Strike Paragraphs Of The Amended Complaint QVC, Inc.**, plaintiff, QVC, Inc. respectfully submits that the **Motion to Dismiss Amended Complaint and to Strike Paragraphs of the Amended Complaint for Violation of FRE 408, as filed by defendants, Stacey Schieffelin, David Schieffelin and Models Prefer, Ltd.**, should be denied in its entirety.

          Respectfully submitted,

          SAUL EWING LLP

          */s/ Nathaniel Metz*
By:_____
          Nathaniel Metz, Esquire
          (215) 972-8385
          (215) 972-2282 (Telefacsimile)
          nmetz@saul.com
          John E. Bisordi, Esquire
          (215) 972-7759
          (215) 972-1831 (Telefacsimile)
          jbisordi@saul.com
          Centre Square West
          1500 Market Street, 38th Floor
          Philadelphia, PA 19102

Dated: March 30, 2007          Attorneys for Plaintiff QVC, Inc.