# EXHIBIT "A"

987180.1 4/12/07

Dockets.Justia.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| QVC, INC. | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | NO. 06-cv-4231(TON) |
| STACEY SCHIEFFELIN, DAVID SCHIEFFELIN, and MODELS PREFER, LTD., | : | |
| Defendants. | : | |

## DECLARATION OF NATHANIEL METZ, ESQUIRE

I, Nathaniel Metz, Esquire, declare pursuant to 28 U.S.C. §1746:

1. I am an attorney admitted, among other places, to the Bar of the Commonwealth of Pennsylvania and the United States District Court for the Eastern District of Pennsylvania (the "Court").

2. I am a partner with the law firm of Saul Ewing LLP in its offices located at 1200 Liberty Ridge Drive, Suite 200, Wayne, PA 19087.  On September 25, 2006, my office was located at Centre Square West, 1500 Market Street, 38th Floor, Philadelphia, PA 19103.

3. I am counsel to QVC, Inc. ("Plaintiff"), plaintiff in the civil action pending in the Court as *QVC, Inc. v. Stacey Schieffelin, et al.*, C.A. No. . 06-cv-4231(TON) (the "Civil Action").

4. Plaintiff commenced the Civil Action on September 22, 2006.  Following commencement of the litigation, and based upon express statements made to Plaintiff by the defendants in the Civil Action that they intended to proceed in contravention of the restrictive

covenant and non-competition provision of the agreement at issue in the Civil Action, I had papers prepared under my direction that were intended to seek preliminary injunctive relief under Fed.R.Civ.P. 65 to maintain the *status quo* during the pendency of the litigation.

5. On September 25, 2006, I sent the letter appended as Exhibit "B" to **Defendants' Memorandum Of Law In Opposition To Motion Of Plaintiff QVC, Inc. To File Second Amended Complaint** filed in the Civil Action. I sent such letter to counsel for the defendants in the Civil Action in an effort to reach agreement to maintain the status quo and avoid the need to seek injunctive relief from the Court.

6. An agreement subsequently was reached between the parties that obviated the need for Plaintiff to seek preliminary injunctive relief. Based upon the representation of the defendants' counsel that Plaintiff would be given ten days notice of any action to be taken in contravention of the restrictive covenant and non-competition provision of the subject agreement, Plaintiff refrained from filing its request for preliminary injunctive relief unless and until such notice was given by Defendants..

I declare under penalty of perjury that the foregoing is true and correct.

_____
NATHANIEL METZ

Executed on April 12, 2007